■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO FERRANTE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 4, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Acting on an informant's tip, New York State Police Investigator Lloyd Wilson engaged in a series of telephone conversations with one Robert Goldberg, during which Goldberg agreed to sell Wilson two ounces of cocaine for $4,300. The sale was to take place on the afternoon of August 31, 1982 at a diner in the Town of Colonie, Albany County. As a result of those conversations with Goldberg and the informant, Wilson expected Goldberg to arrive at the diner in a red BMW automobile with an associate. After meeting at the diner as scheduled, Goldberg and Wilson decided to consummate the drug sale in Wilson's car. On exiting the diner, Goldberg introduced Wilson to defendant, who was seated on the front seat on the passenger's side of Goldberg's BMW, and declared that Wilson "was as paranoid as they were about the deal". Defendant invited Wilson into the vehicle "to do the deal", but Wilson declined and went to his own car with Goldberg, where the sale was eventually carried out. On Wilson's signal, Goldberg and defendant were thereupon arrested; at the time of the arrest, a towel containing cocaine was found on the floor of the front seat between defendant's feet. Following denial of his motion to suppress the evidence seized for lack of probable cause, defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the third degree.

Defendant maintains that probable cause for his arrest was lacking in that he was only a passenger in Goldberg's car. However, the undisputed evidence established that he was aware of the impending transaction but was simply "apprehensive about doing the deal right there in the parking lot". Furthermore, the telephone conversations with Wilson indicated that Goldberg would arrive at the diner with an accomplice. Under these circumstances, defendant's presence in the BMW rendered it more likely than not that he was involved in the crime (see *People v Carrasquillo,* 54 NY2d 248, 254).

By pleading guilty, defendant waived his claim that he was denied his statutory right to a speedy trial under CPL 30.30 (*People v Suarez,* 55 NY2d 940, 942). Finally, the sentence imposed, which was knowingly and voluntarily bargained for, is neither unduly harsh nor excessive.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.