■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CUMMINS, Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Chenango County (Ingraham, J.), rendered March 26, 1984, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

On August 30, 1983, two police officers went to a wooded area in the Town of Norwich, Chenango County, to investigate suspected illegal deer jacking or growing of marihuana. While walking down a trail, they came upon a thin rope with small bells on it stretched across the path about 1½ feet above the ground. Stepping over the rope, the officers proceeded a short way and discovered a patch of marihuana plants. One of the officers also observed a white male, later identified as defendant, bent over and tying down the plants. The officers identified themselves and, after defendant denied ownership of the land, arrested him. Defendant told the officers that he had been looking for deer. Although it was raining, the officers observed that defendant's clothes were dry. A search revealed a tent in the immediate area that contained a .22 caliber rifle. A search led to the discovery to two .22 caliber bullets in defendant's pocket.

Defendant was convicted, after a jury trial, of criminal possession of marihuana in the first degree. He was sentenced as a second felony offender to an indeterminate term of 3 to 6 years' imprisonment. This appeal ensued.

We reject defendant's contention that the police officers lacked probable cause for his arrest. A police officer may arrest a person when the officer has reasonable or probable cause to believe that the person has committed a crime (CPL 140.10; *People v De Bour,* 40 NY2d 210, 223). Here, the arresting officers had prior information of possible marihuana growing in the area; the

officers had observed a rope warning device and, beyond it, a marihuana patch; and they observed defendant tying down the plants. In determining questions of probable cause, "a police officer is entitled to draw on his whole knowledge and experience as a criminal investigation officer" (*People v Corrado,* 22 NY2d 308, 313). Here, the "knowledge" and "experience" of the arresting officers, together with their observations, cloaked defendant's arrest with the requisite probable cause.

We also turn away defendant's argument that there was insufficient evidence at trial that he possessed marihuana. We have stated that "when a substance or object is seen in the hands of a defendant it 'is an elemental inference based on common experience' that the possessor knows what he possesses" (*People v Martin,* 52 AD2d 988, 989, citing *People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041). Further, the jury was free to reject defendant's contention that he was merely looking for deer. Accordingly, the jury's verdict should not be disturbed (*see, People v Barnes,* 50 NY2d 375, 381).

Lastly, we also find no merit to defendant's contentions that the two .22 caliber bullets should not have been admitted into evidence and that the People had stipulated at the suppression hearing that defendant's statements would not be offered at trial.

A review of the suppression hearing transcript reveals that a document indicating that the bullets were secured from defendant was excluded at the hearing on hearsay grounds. The People clearly stated that the bullets might be offered at trial. The bullets were never held to be inadmissible. Next, during the discussion at the beginning of the suppression hearing, the People stipulated that there were no confessions or admissions by defendant. The statements made to the arresting officers at the time of his arrest were not included in the stipulation and the People introduced them during the suppression hearing itself without objection.

Judgment affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.