THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RIDDICK, Appellant.

Police Officer Didonato was on motor patrol in his squad car with a partner when they received a radio report of a robbery by two black males armed with a knife, one wearing white pants and the other a blue shirt, last seen running down 31st Street. As they cruised the area, the officers observed defendant, a black man wearing a blue shirt, walking along the street with another black man wearing white pants. The officers stopped the two men, searched them and without any further inquiry or action whatsoever, immediately arrested them. The officers then transported the suspects in the patrol car to the scene of the robbery where they were identified as the perpetrators by the complainant. No knife or stolen property was found on either suspect, nor was any inquiry made by the officers concerning their presence in the area.

The fact that defendant and his companion fit the meager, general description of the perpetrators was insufficient, without more, to establish probable cause to arrest them (*People v Henley,* 53 NY2d 403; *People v Lane,* 102 AD2d 829; *People v Gordon,* 87 AD2d 636). When first observed by the officers, defendant and his companion were not engaged in any suspicious behavior indicating criminal activity, no knife or other weapon was seen, nor was one found on either during the search. No inquiry was made which might have added information to the officers' mere suspicion that the two men were the perpetrators they sought. Thus, the facts failed to satisfy the requirements for probable cause (*see, People v Brnja,* 50 NY2d 366).

The showup identification which immediately followed the illegal arrest must be suppressed as the fruit of the poisonous tree (*Wong Sun v United States,* 371 US 471; *People v Lane, supra*). However, the record reveals that there was ample opportunity for the complainant to observe defendant during and prior to the attempted robbery and an in-court identification by the complainant would therefore be admissible at trial (*People v Lane, supra*).

Upon the record before us, this court is unable to determine what effect, if any, Criminal Term's erroneous denial of defendant's motion to suppress may have had on defendant's decision to plead guilty. A harmless error analysis which can be applied in reviewing the evidence upon which a jury based its verdict cannot be applied in reviewing a guilty plea when the record

does not reveal whether or how the failure to grant the suppression motion contributed to the decision to plead guilty (*see, People v Grant,* 45 NY2d 366; *People v Tyler,* 99 AD2d 537; *People v Mayorga,* 100 AD2d 853). Defendant's plea must, therefore, be vacated.

In view of this court's vacatur of defendant's plea, it is not necessary to address the issue of whether the sentence was proper. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.