■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON CHEEKS, Appellant.—Main, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered February 25, 1983, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

After a jury trial, defendant was convicted of promoting prison contraband in the first degree while he was an inmate at Elmira Correctional Facility. The contraband in question was the metal razor blade portion of a disposable shaving razor which had been allocated to defendant by prison authorities. Defendant admits that he disassembled the disposable razor, keeping therefrom only the blade, which he had between his front teeth when he was apprehended by Correction Officer Harold Castellano. According to defendant, he planned on using the razor only to clean his teeth. Castellano stated, however, that defendant had told him that he was using the razor blade "for protection". On this appeal, defendant contends that the verdict was against the weight of the trial evidence. We disagree.

A person confined in a detention facility is guilty of promoting prison contraband in the first degree when "he knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). "Contraband" includes any item that an inmate "is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]). "Dangerous contraband" is "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). In the State inmate rule book issued to each prisoner upon his incarceration, contraband is defined as

including any item that could be used as a weapon or altered for such use. Contrary to defendant's argument, the fact that the item has been supplied to the inmate by prison authorities themselves does not disqualify the item as contraband where the inmate has altered the item so as to transform it into something that could be used as a weapon *(see, People v Miller,* 106 AD2d 787, 789). Defendant admits breaking open the disposable razor and extracting therefrom the metal blade, which clearly could have been used as a weapon. Thus, based on defendant's testimony alone, we find sufficient basis in the record to support the jury's verdict.

We likewise reject defendant's remaining argument that the second felony offender statute under which defendant's sentence was imposed (Penal Law § 70.06) is unconstitutional, as the constitutionality of this statute has long been upheld *(see, People v Green,* 106 AD2d 793; *People v Saxbury,* 95 AD2d 871).

Judgment affirmed. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.