■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McGILL, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 12, 1984, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

On July 22, 1984, defendant committed the burglary which is the subject of the instant appeal. He had a previous felony conviction; on November 27, 1974, he had been sentenced to a term of probation of five years for the crime of attempted robbery in the third degree. Accordingly, when defendant was sentenced for the 1984 burglary, he was sentenced as a second felony offender because less than 10 years elapsed between his 1974 sentencing date and the commission of the 1984 crime. Defendant now contends that this was error in that the 10-year period should have been measured from the date he pleaded guilty to the 1974 crime, which was May 3, 1974. We disagree. Initially, we note that not only was this issue not

raised before County Court, but also defendant's counsel at the time acknowledged that second felony offender treatment was appropriate. Moreover, Penal Law § 70.06 (1) (b) (iv) specifically provides that the 10-year period is measured from the date of sentencing, not the date of plea, and defendant committed the crime at issue here less than 10 years from the date of his sentencing on the prior felony conviction. To the extent that defendant challenges the constitutionality of this second felony offender treatment, we note that the constitutionality of this statute as a whole has long been upheld (see, People v Cheeks, 113 AD2d 974), and we find nothing in this particular provision to merit different treatment. Accordingly, the judgment should be affirmed.

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.