■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROI ST. JOHN MCNEILL, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 28, 1985, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

On September 7, 1984, defendant was charged in an indictment with criminal sale of a controlled substance in the third degree based on his sale of cocaine to an undercover City of Albany police officer on October 26, 1983. On April 22, 1985, the morning of the scheduled trial, defendant entered a plea of guilty to a reduced charge of attempted criminal sale of a controlled substance in the third degree. No promises as to sentencing were made except for County Court's agreement not to sentence defendant as a persistent felon. At sentencing, defendant requested leave to withdraw his plea, contending that the late disclosure of a tape recording between defendant and an undercover police officer, coupled with the prosecutor's ostensible misrepresentation of the sentence during plea negotiations, deprived him of the effective assistance of counsel and coerced his plea. The prosecutor responded that the tape recording was to be used only to rebut the agency defense, if needed, and that the plea bargain proposed on April 19, 1985, which included a sentence of 3 to 6 years' imprisonment, was made subject to the court's approval. Defense counsel acknowledged that he misunderstood this qualification of the proposed plea. County Court denied the application and sentenced defendant as a second felony offender to an indeterminate prison term of 7½ to 15 years. This appeal ensued.

Defendant's assertion that he was deprived of an opportunity for a fair trial by the People's failure to timely disclose the tape recording was effectively waived by his plea of guilty (see, People v Prescott, 66 NY2d 216, cert denied 475 US 1150; People v Taylor, 65 NY2d 1). In any event, since defendant concededly had an opportunity to hear the tape in its entirety prior to pleading guilty, no prejudice has been demonstrated.

We further find no abuse of discretion in County Court's refusal to vacate the plea. This is not an instance where the plea was induced by a sentencing promise which the court was subsequently unwilling or unable to fulfill (see, e.g., People v

*Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). Any misunderstanding as to the sentence to be received was clarified by the court prior to the entry of defendant's plea of guilty, when the purported prison term of 3 to 6 years was rejected. Moreover, a review of the plea allocution confirms that defendant was thoroughly apprised of the consequence of his plea, that he acknowledged that he had been given a full opportunity to discuss the matter with his attorney, that the plea was of his own free will and that he was pleading guilty to avoid a potential persistent felony offender sentence. Accordingly, County Court could readily determine that defendant's plea was not coerced and thus refuse his request for withdrawal *(see, People v Austin,* 117 AD2d 835; *People v Kelsch,* 96 AD2d 677; *People v Cooke,* 61 AD2d 1060).

Nor can we agree with defendant's assertion that the confusion attendant the plea negotiations deprived him of the effective assistance of counsel. Not only is this contention belied by the plea minutes, but the record confirms that meaningful representation was provided *(see, People v Baldi,* 54 NY2d 137). Once retained, counsel made appropriate motions for disclosure of the tape and, since defendant faced a potential persistent felony offender sentence of 25 years to life imprisonment *(see,* Penal Law § 70.10 [2]), he also secured a favorable plea bargain *(see, People v Kelsch, supra,* at 678). By defendant's own account, counsel ceased trial preparation in reliance on the proposed plea bargain just two days before the scheduled trial date. Given this time frame, the fact that counsel again heard the tape recording on the morning of the trial and the voluntary nature of the plea, we perceive no undue prejudice to defendant.

Defendant's assertion that the second felony offender statute (Penal Law § 70.06) is unconstitutional, in that the 10-year qualifying period is measured from the date of the sentencing to the commission of the offense under review, is without merit (Penal Law § 70.06 [1] [b] [iv]; *People v McGill,* 132 AD2d 846). Finally, County Court did not abuse its discretion by imposing a sentence within the terms of the plea bargain and the statutory guidelines *(see,* Penal Law § 70.06 [3] [c]; [4] [b]).

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Mikoll, JJ., concur.