■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS DOSSANTOS, Respondent.—Appeal by the People from (1) an order of the Supreme Court, Queens County (Zelman, J.), dated November 14, 1985, which granted those branches of the defendant's omnibus motion which were to suppress identification testimony, and (2) an order of the same court, dated December 13, 1985, which granted the defendant's motion to dismiss indictments Nos. 2022/85 and 2019/85.

Ordered that the order dated November 14, 1985, is modified by deleting the provision thereof which granted those branches of the defendant's omnibus motion which were to suppress prospective in-court identification testimony of the witnesses Nina Kelly and Sandra Ortiz, and substituting therefor provisions denying those branches of the motion; as so modified, the order dated November 14, 1985, is affirmed; and it is further,

Ordered that the order dated December 13, 1985, is reversed, the defendant's motion to dismiss indictments Nos. 2019/85 and 2022/85 is denied, those indictments are reinstated, and the matters are remitted to the Supreme Court, Queens County, for further proceedings.

We agree with Criminal Term to the extent that it found that the police lacked probable cause to arrest the defendant. It is well settled that a vague and general description of a suspect does not, of itself, suffice to establish probable cause to arrest anyone who happens to fit that description (see, People v Lee, 126 AD2d 568; People v Riddick, 110 AD2d 787; People v Gordon, 87 AD2d 636).

The sole predicate for the arrest in the instant case was the fact that the defendant fit the descriptions provided by several witnesses to the crimes in question. However, the descriptions compiled by the police and subsequently circulated to various banks in the vicinity of the crimes were not identical in terms of the perpetrator's height, weight and hair length and, in any event, merely constituted a general description which could have fit a large sector of the population.

Moreover, the fact that the arresting officer observed the defendant entering and leaving several banks is insufficient to generate a reasonable suspicion that he had committed or was

about to commit a crime, since his conduct was innocuous and imported no criminal significance. We conclude that the defendant's conduct, coupled with the descriptions, merely triggered the common-law right to detain the defendant to the extent necessary to obtain explanatory information *(see, People v De Bour,* 40 NY2d 210, 216) and that the police acted precipitously in effectuating an immediate arrest of the defendant *(see, People v White,* 117 AD2d 127, *lv denied* 68 NY2d 818).

We find, however, that Criminal Term was incorrect in concluding that the eyewitnesses Nina Kelly and Sandra Ortiz lacked an independent source upon which to predicate an in-court identification. The record reveals that these two witnesses testified that they were able to view the perpetrator's face for a period of several minutes, at close range. They further indicated that their identifications of the defendant at the lineup procedures were based upon their independent recollections and observation of the defendant during the commission of the crime.

It is well established that an in-court identification of a defendant will not be suppressed merely by reason of an antecedent unlawful seizure, so long as the People demonstrate that the in-court identification is derived from the witness's independent recollection *(see, United States v Crews,* 445 US 463; *People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v White, supra).* Therefore, although we find that Criminal Term properly concluded that the police lacked probable cause to arrest the defendant and properly suppressed evidence regarding the lineup identifications as the fruits of the poisonous tree *(see, Wong Sun v United States,* 371 US 471; *People v Dodt,* 61 NY2d 408), the order dismissing the indictments should be reversed in view of our conclusion that the prospective in-court identifications of Nina Kelly and Sandra Ortiz would be predicated upon an independent source and thus would be admissible at trial *(see, People v Lane,* 102 AD2d 829, *appeal dismissed* 63 NY2d 865; *People v Gordon, supra).* Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.