■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. HONIKER, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered June 5, 1986, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree (five counts), sodomy in the second degree (four counts), sexual abuse in the first degree (two counts) and sexual abuse in the second degree (two counts).

A 12-count indictment charged defendant with various degrees of sodomy and sexual abuse for acts involving a 12-year-old boy. At trial, after both sides rested but before summation, defendant suddenly changed his plea to guilty to all counts of the indictment. He also pleaded guilty to one count of sodomy in the first degree in satisfaction of all counts contained in an additional indictment, arising out of alleged sexual contact with a 10-year-old girl. Defendant was sentenced to several concurrent prison terms, none exceeding 5 to 15 years. This appeal ensued.

Defendant's assertion that he was deprived of an opportunity for a fair trial by the admission of improper bolstering

evidence, the viewing by the jury of inflammatory material and the prosecutor's improper cross-examination was effectively waived by his plea of guilty *(see, People v Taylor,* 65 NY2d 1, 5; *People v McNeill,* 133 AD2d 506, *lv denied* 70 NY2d 934). Grave consequences, including the waiver of certain fundamental constitutional rights, attach to a plea of guilty *(Boykin v Alabama,* 395 US 238, 242-244). A knowing, intelligent and voluntary guilty plea marks the end of a criminal case, generally waiving nonjurisdictional defenses *(People v Taylor, supra; People v Corwin,* 137 AD2d 872, 873, *lv denied* 71 NY2d 1025), except for certain rights of sufficient constitutional dimension, for example, the right to a speedy trial *(see, People v Blakley,* 34 NY2d 311) or the protection against double jeopardy *(see, Menna v New York,* 423 US 61). We conclude that defendant's claims here are not of that dimension and were forfeited by his guilty plea. Defendant's reliance upon *People v Townes* (41 NY2d 97) and *People v Ramos* (40 NY2d 610) is misplaced. In each of those cases, the contention on appeal was that the trial court erred in denying a defense motion to suppress evidence, an issue preserved by the provision of CPL 710.70 (2) that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty". Last, as we view the record, the statutory prerequisites for sentencing were complied with *(see,* CPL 390.20).

Judgment affirmed. Mahoney, J. P., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.