THIRD DEPARTMENT, JANUARY, 1989

(January 5, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LEROY HILL, Appellant.—Mercure, J. Appeals (1) from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered June 23, 1986, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered March 21, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In July 1985, defendant and his son, Michael Hill (hereinafter Hill), traveled from the City of Albany, Albany County, to the Town of Oneonta, Otsego County, for the purpose of robbing Bernard Green. The robbery took place on July 8, 1985 and, in its course, Green was shot and killed. A State Police investigation immediately focused upon defendant and Hill, who were apprehended in the area the following day. Following their arrest, defendant and Hill each gave incriminating statements to the police. They were ultimately indicted for three counts of murder in the second degree, including felony murder, robbery in the first degree and burglary in the second degree. A plea bargain was reached whereby defendant entered a plea of guilty to a single count of felony murder (Penal Law § 125.25 [3]) in full satisfaction of the indictment with the following understanding: defendant would not be sentenced as a persistent felony offender; the sentence to be

imposed would be a prison term not exceeding 20 years to life; a recommendation would be made that Hill, upon conviction, be placed in a minimum security facility; and details of the matter would be withheld from the press. Defendant was sentenced to a prison term of 20 years to life. He subsequently moved to vacate the judgment of conviction pursuant to CPL 440.10 (1), contending that his plea was the product of duress and that his constitutional rights had been violated. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and the denial of his motion to vacate the judgment.

Defendant's initial contention, that County Court erred in finding that probable cause existed for defendant's arrest, shall be considered within the context of the denial of defendant's motion to suppress his allegedly involuntary statement (see, CPL 710.20 [3]), an issue preserved for our consideration notwithstanding defendant's plea of guilty (see, CPL 710.70 [2]; cf., People v Honiker, 144 AD2d 184). In our view, the People met their burden of establishing the lawfulness of defendant's arrest and County Court did not abuse its discretion in denying the motion to suppress on that basis. A police officer may arrest a person for "[a] crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise" (CPL 140.10 [1] [b]). Acting as a prudent man would in believing that an offense has been committed (see, People v Valdez, 78 AD2d 449, 452-453; see also, People v Laskaris, 82 AD2d 34, 38-39), the police officer is allowed to draw upon the entirety of his experience and knowledge as a criminal investigator in determining whether reasonable cause for arrest exists (see, People v Cummins, 108 AD2d 962). The evidence of criminality need not rise to the level necessary to support a conviction or even be sufficient to establish a prima facie case (see, People v Murphy, 97 AD2d 873, 874); it need merely appear more probable than not that a crime has taken place and that the one arrested is its perpetrator (see, People v Carrasquillo, 54 NY2d 248, 254).

The testimony adduced at the Huntley hearing established the investigating officers' knowledge, at the time of defendant's arrest, that (1) defendant and Hill were together, in the vicinity of the crime, and some distance from their home at the time of the crime, (2) Hill had previously burglarized Green and had, only a few months prior to the crime, expressed an intention to rob Green by hitting him over the head and taking his money, (3) Hill was looking for a ride for himself and defendant from Albany to the Town of Oneonta

only a few days before the crime, (4) defendant and Hill had been at Green's residence two weeks prior to the crime, (5) defendant had recently been released on parole and had given his parole officer a fictitious address, (6) defendant was wanted by the State Police for questioning concerning the issuance of bad checks and theft of services, evidencing need for money at the time of the crime, and (7) defendant had an extensive prior criminal record. Although each factor, standing alone, could be susceptible to an innocent interpretation, a view of the entire circumstances indicates that the officers had reasonable cause to believe that defendant had committed a crime (see, People v Evans, 65 NY2d 629, 630).

Next, defendant contends that County Court failed to satisfy itself of his guilt and, accordingly, should not have accepted his guilty plea without further inquiry. We disagree. The fact that defendant, although acknowledging his guilt of felony murder, refused (as did Hill) to indicate which of them actually shot Green is of no moment. In a prosecution for felony murder, the identity of the participant who actually committed the murder is irrelevant (see, Penal Law § 125.25 [3]). Further, defendant's subsequent unsubstantiated claim of innocence did not require vacatur of the plea (see, People v Paulk, 142 AD2d 754; cf., People v Serrano, 15 NY2d 304). Viewing the plea allocution as a whole, we find that defendant's plea represented "a voluntary and intelligent choice among the alternative courses of action open" (North Carolina v Alford, 400 US 25, 31; see, People v Francabandera, 33 NY2d 429, 434; People v Nixon, 21 NY2d 338, cert denied sub nom. Robinson v New York, 393 US 1067; People v Foster, 19 NY2d 150).

We also turn away defendant's arguments that his attorney did not provide effective assistance and that the sentence was harsh and excessive. Considering that the voluntary statements of defendant and Hill provided overwhelming evidence of their guilt of felony murder and that the minimum permissible sentence for that crime was a prison term of 15 years to life (see, Penal Law § 70.00 [2] [a]; [3] [a] [i]; § 125.25), resolution of the charges with defendant receiving a prison sentence of 20 years to life and Hill receiving a prison sentence of 15 years to life was very favorable (see, People v Strempack, 134 AD2d 799, 800, affd 71 NY2d 1015). Further, the pleas were not entered until the eve of trial and after a preliminary hearing, discovery, a hearing to determine whether defendant was fit to proceed to trial and a suppression hearing, thereby negating any claim that insufficient effort was made to de-

velop a meaningful defense to the prosecution *(cf., People v Wall,* 142 AD2d 883). We conclude that on this record meaningful representation was provided *(see, People v Baldi,* 54 NY2d 137). The sentence, the result of a plea bargain where defendant was represented by competent counsel and less than the maximum authorized by statute, was not harsh or excessive *(see, People v Joeger,* 111 AD2d 944, 945). Last, we find no error in County Court's denial of defendant's CPL article 440 motion without a hearing since sufficient facts appear on the record with respect to the ground raised (CPL 440.10 [2] [b]; *see, People v Cooks,* 67 NY2d 100, 104).

Judgment and order affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.