■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the proof in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we conclude that the evidence was legally sufficient to support the jury's determination that defendant intended to cause the victim's death. Although the mere fact that the victim was shot is not sufficient *(cf., People v Marrero,* 67 AD2d 951), intent may be inferred from the nature of defendant's conduct in the context of the surrounding circumstances *(People v Horton,* 18 NY2d 355, 359, *cert denied* 387 US 934). In this case, the defendant purposefully raised, aimed and fired a shotgun at the victim's back from fairly close range, went inside the house where he was staying, told an elderly tenant that he had killed the victim, and threatened to kill the tenant. The People presented sufficient evidence regarding defendant's intent to raise a factual issue for the jury's consideration.

The trial court correctly denied defendant's pretrial motion to dismiss the indictment upon the ground of lack of specificity. The indictment expressly alleged that defendant acted with an intent to cause death, referring to Penal Law §§ 110.00 and 125.25, and thus was not defective simply because it failed to refer specifically to the subdivision of section 125.25 claimed to have been violated *(see, People v Morris,* 61 NY2d 290, 293).

Defendant's challenge to the entire jury panel was properly denied. No written motion was submitted, and defendant made no claim that the procedures set forth in the Judiciary

Law were violated (CPL 270.10). We further conclude that the court did not err in denying defendant's motion for a new trial. The claimed newly discovered evidence would have been cumulative, impeaching or contradictory of other testimony and was not of such nature that it probably would have changed the result upon a new trial *(People v Salemi,* 309 NY 208, 216, *cert denied* 350 US 950; *People v Latella,* 112 AD2d 321, *lv denied* 65 NY2d 983).

We reject defendant's claim that the second felony offender statute (Penal Law § 70.06) is unconstitutional because the 10-year period is measured from the date of sentencing on the prior felony rather than the date the crime was committed *(People v McNeill,* 133 AD2d 506, 507, *lv denied* 70 NY2d 934; *People v McGill,* 132 AD2d 846, *lv denied* 70 NY2d 801). We have reviewed defendant's remaining claims and find them to be without merit. (Appeal from judgment of Monroe County Court, Connell, J.—attempted murder, second degree, and other charges.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.