■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM G. HORSMAN, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered August 10, 1987, upon a verdict convicting defendant of the crime of attempted robbery in the third degree.

Defendant was arrested in the City of Oneida, Madison County, shortly after he boarded a bus which was preparing to leave for another city. A subsequent search of defendant's suitcase and a lineup yielded evidence that defendant had attempted to rob a next-door bank approximately one hour earlier. Defendant was indicted for attempted robbery in the third degree. After unsuccessfully moving to suppress all evidence obtained as a result of the allegedly illegal arrest, defendant was tried and convicted by a jury. Defendant appeals, contending only that County Court erred in determining that probable cause existed to arrest him.

There should be an affirmance. The relevant evidence adduced at the suppression hearing was that a bank teller gave Officer Kevin Peebles of the Oneida Police Department a description of the subject as a white male in his mid-30's, six feet tall, with a medium build, shoulder-length straight brown hair, round face and clean shaven, wearing a dark blue turtleneck-type sweater, a long tan trench coat and a leather hat, and carrying a shaving kit. Earlier the same day, Peebles had observed an individual behind the bank who met that description except that he was wearing a waist-length coat and no hat, had a moustache and was carrying a suitcase. Later, Peebles observed defendant in front of the bank walking toward the bus in a "rigid" manner with eyes fixed in front of him, appearing not to notice the commotion around him caused by police and news personnel. Even when Peebles and two other uniformed police officers entered the bus and approached defendant, he kept his eyes fixed, on the seat in front of him, never making eye contact. Peebles' inquiry as to defendant's purpose for being in Oneida received inconsistent responses and, when Peebles asked if he could look in defendant's suitcase, defendant stated "you don't have any probable cause to do that". It was at this point that defendant was taken into custody.

In our view, the People met their burden of establishing probable cause to believe that defendant had committed a crime at the time of his arrest (see, People v Johnson, 66 NY2d 398, 402; People v Dodt, 61 NY2d 408, 415). It should be noted in this regard that it is not necessary for the People to establish proof necessary to warrant a conviction or even to establish a prima facie case; what must be shown is that it was "more probable than not" that an offense had occurred and that defendant was the perpetrator (People v Hill, 146 AD2d 823, 824, lv denied 73 NY2d 1016). Here, the bank teller provided Peebles with a "sufficiently detailed and particular

description of the perpetrator" *(People v White,* 117 AD2d 127, 131, *lv denied* 68 NY2d 818), including his sex, race and age, height and general build, the color, length and style of his hair, the shape of his face and the color of his sweater *(see, People v Blount,* 143 AD2d 924, *lv denied* 73 NY2d 919; *cf., People v Dossantos,* 137 AD2d 763; *People v White, supra,* at 132 [no information furnished regarding suspect's age, build, hairstyle or other distinguishing physical characteristics]; *People v Riddick,* 110 AD2d 787, 788). The teller's failure to disclose that defendant had a moustache is not fatal since a description which "substantially matched" defendant will suffice *(People v Pierce,* 141 AD2d 864, 865, *lv denied* 72 NY2d 923).

Further, the arresting officer was not required to rely upon the teller's description alone. Peebles, a police officer with over eight years of experience, had seen a person closely fitting the teller's description, whom he positively identified as defendant, at the rear of the bank earlier the same day, something he found suspicious at the time. He was also permitted to take into account defendant's evasive, furtive conduct *(see, People v Gustafson,* 110 AD2d 1055, 1056), the fact that defendant falsely indicated that he had spent the previous night in Oneida *(see, Matter of Troy F.,* 138 AD2d 707, 709, *lv denied* 72 NY2d 804) and that defendant was observed "in close proximity to the scene of the crime and to the time of its commission" *(People v Blount, supra,* at 925). Drawing upon the entirety of his experience and knowledge, Peebles was justified in his conclusion that probable cause existed to arrest defendant *(see, People v Cummins,* 108 AD2d 962, 963).

Judgment affirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.