■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. DUNNETT, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), entered January 23, 1989, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the second degree.

Defendant was arrested for criminal sale of a controlled substance in the second degree in the Town of Owego, Tioga County, on January 25, 1988 after a "buy and bust" operation in which an undercover police officer, Detective Patrick Hogan, purchased one gram of cocaine from defendant's brother. On the night of the arrest, Hogan parked his vehicle at a truck stop. The vehicle was equipped with a radio transmitter which permitted a backup officer, Gary Howard, to monitor and record conversation. Howard was parked approximately 75 to 100 yards from the truck stop.

Shortly after 8:00 P.M. a car approached the truck stop, discharged defendant's brother and continued past Howard's vehicle. Howard testified that it was snowing at the time and that, although he observed oncoming headlights, he could not identify either the car or the driver. During the ensuing drug sale, Howard monitored the conversation in which Hogan asked defendant's brother whether defendant had dropped him off and the brother replied affirmatively. The sale completed, Hogan instructed Howard to wait and arrest defendant's brother only after he had returned to the car. Defendant's brother walked past Howard's car and eventually climbed into defendant's car. Two backup police officers then stopped the vehicle. When Howard arrived at the scene, defendant had already alighted from the car; his brother was still inside. At the suppression hearing, Howard testified that he arrested defendant as an accomplice at Hogan's direction; however, Hogan never testified.

Subsequently, pursuant to a plea-bargaining arrangement, defendant pleaded guilty to attempted criminal sale of a controlled substance in the second degree, classified as a class B felony by all involved. He was then sentenced to an indeterminate prison term of 3 to 9 years. On appeal, defendant maintains that no probable cause existed to arrest him, that

the People should have called Hogan to testify at the suppression hearing and that the sentence was harsh and excessive.

Probable cause existed for the arrest. The evidence need merely appear more probable than not that the person arrested perpetrated a crime (People v Brown, 151 AD2d 199, 203; People v Hill, 146 AD2d 823, 824, lv denied 73 NY2d 1016), and in deciding whether probable cause exists the police may "draw upon the entirety of their experience and knowledge" (People v Brown, supra, at 203).

Defendant's reliance upon People v Roberts (106 AD2d 850) and People v Buffardi (92 AD2d 899) does not further his cause. In Roberts, the arrested individual was merely a passenger in the vehicle driven to the drug deal; no evidence indicated that the defendant was aware of the criminal sale. In Buffardi, the arresting officer did not maintain a constant surveillance of the area and did not testify that he had any description of the dealer, her car, or the accompanying defendant. In contrast to the case at hand, the arresting officer in Buffardi "did not possess sufficient knowledge to reasonably believe that defendant was involved in the criminal act" (supra, at 901). Here, although defendant did not actually sell cocaine to Hogan, he owned the car in which he drove his brother to the prearranged drug deal location and waited for him to complete the sale and return to the car (cf., People v Feliciano, 32 NY2d 140, 141-142; People v Ferrante, 107 AD2d 846). While in isolation each fact might suggest innocent behavior (see, People v Brown, supra, at 204), taken as a whole the evidence suggests that defendant not only knew of the impending illegal transaction, but assisted in its completion.

Contrary to defendant's assertion, the undercover officer, Hogan, need not testify at the suppression hearing so long as the arresting officer, Howard, testified that he relied on information transmitted by an undercover officer, who reported that he had just witnessed a crime in which defendant was involved (see, People v Petralia, 62 NY2d 47, 51-52, cert denied 469 US 852). Here, Howard stated that he arrested defendant because Hogan directed him to do so. Accordingly, Hogan's testimony was not essential.

Defendant's final contention, that the 3-to-9-year prison sentence he received was harsh and excessive in view of his prior lack of criminal history, good work record, marital status and negligible profit ($300) to be made from his involvement in the crime, is unpersuasive. We do, however, find error in County Court's sentencing of defendant. Defendant's plea was misdescribed by all parties as a class B felony and the

sentence imposed was made on that basis. Attempted criminal sale of a controlled substance in the second degree, the crime to which defendant pleaded guilty, is in fact an A-II felony (Penal Law § 110.05 [2]; § 220.41 [1]), for which the maximum penalty is statutorily mandated to be life imprisonment (Penal Law § 70.00 [2] [a]). Having been given an illegal sentence which cannot stand, defendant has been denied the benefit of his plea bargain; he is therefore entitled to vacatur of the sentence imposed and an opportunity to move to withdraw his plea of guilty (see, People v Beach, 152 AD2d 772).

Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.