■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT E. RICE, Appellant.—Appeals by the defendant, as limited by his motion, from three sentences of the Supreme Court, Nassau County (Santagata, J.), all imposed February 21, 1990.

Ordered that the appeals are dismissed (see, People v Seaberg, 74 NY2d 1). Mangano, P. J., Kunzeman, Kooper, Harwood and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RODRIGUEZ, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Wexner, J.), imposed October 12, 1989.

Ordered that the sentence is affirmed.

The defendant contends that he was improperly adjudicated a second felony offender because the document relied upon by the sentencing court in reaching that adjudication failed to conform to CPL 400.22. We disagree. The only requirement lacking in the certificate signed by the superintendent of the correctional facility in which the defendant had been imprisoned upon his prior felony conviction is that it was not issued "under the seal of [the superintendent's] office" (CPL 400.22). We conclude that the purpose of that requirement was served by the notarization of the superintendent's signature, which is not required under CPL 400.22. This notarization served to render the certification reliable, and therefore, competent evidence under the applicable provisions (cf., People v Acebedo, 156 AD2d 369; People v Hines, 90 AD2d 621; People v Gonzalez, 64 AD2d 534). Mangano, P. J., Brown, Sullivan, Balletta and Rosenblatt, JJ., concur.