■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ROWLES, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 20, 1989, convicting defendant upon his plea of guilty of three counts of the crime of burglary in the third degree.

The only contention presented on appeal is that inculpatory statements given by defendant were the product of an illegal

arrest and should have been suppressed. In our view, there was probable cause for defendant's warrantless arrest and we accordingly affirm.

Testimony taken at a suppression hearing showed that, shortly after midnight on December 11, 1988, police officers received a radio transmission indicating that a prowler was trying to gain access to the Orchid Shoppe on Broadway in the City of Kingston, Ulster County. As Detective Wayne Freer approached the scene, he observed an individual wearing an army fatigue jacket and carrying a blue bag walking across Broadway in the direction of the Trailways bus terminal. Freer went to the rear of the building and interviewed two eyewitnesses, who stated that they had seen a male wearing an army fatigue jacket trying to pry open a window and that the individual had just walked across Broadway carrying a blue bag. Freer then went to the Trailways parking lot and observed defendant running down a nearby alleyway wearing an army fatigue jacket. Proceeding into the alley, Freer found a small blue gym bag containing burglar's tools. Freer then radioed ahead to another police officer, who apprehended defendant. After defendant was identified by Freer, he was placed under arrest.

The evidence thus established that defendant fit the general description given by eyewitnesses to the attempted burglary *(see, People v Cumberbatch,* 171 AD2d 671, *lv denied* 77 NY2d 993; *People v Riley-James,* 168 AD2d 740, 742, *lv denied* 77 NY2d 966; *People v Horsman,* 152 AD2d 859, 860-861), was seen running down a dark alley where a discarded bag of burglar's tools was found, and was apprehended "in close proximity to the scene of the crime and to the time of its commission" *(People v Blount,* 143 AD2d 924, 925, *lv denied* 73 NY2d 919; *see, People v Horsman, supra,* at 861). Moreover, the record showed that Freer was aware of evidence linking defendant to other unsolved area burglaries and that defendant had a prior burglary conviction *(see, People v Hill,* 146 AD2d 823, 825, *lv denied* 73 NY2d 1016). In our view, these circumstances and "the entirety of [Freer's] experience and knowledge * * * justified [the] conclusion that probable cause existed to arrest defendant" *(People v Horsman, supra,* at 861). We reject the contention that the information received from the eyewitnesses did not satisfy the *Aguilar-Spinelli* standard *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). Statements of citizen informants are presumptively reliable and the basis of the witnesses' knowledge was self-evident *(see, People v Avincola,* 162 AD2d 288, 289, *lv*

*denied* 76 NY2d 937; *see also, People v Morro,* 165 AD2d 719, 720, *lv denied* 77 NY2d 964).

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.