■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY GARCIA, Appellant. [610 NYS2d 11] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 17, 1992, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to a term of 1½ to 3 years in prison, unanimously reversed, on the law and the facts, the plea vacated, the count of the indictment charging defendant with criminal possession of a controlled substance in the fifth degree dismissed and the matter remanded for further proceedings on the remaining count of the indictment.

Defendant was arrested as a result of observations made by a police officer stationed on a rooftop near Second Avenue and 26th Street on the afternoon of February 8, 1990. At the hearing on defendant's motion to suppress, the observing officer testified that he had radioed his backup team that he had seen a drug transaction conducted by two Hispanic men leaning against a Cadillac on New Street just off 26th Street. The arresting officer, who received that transmission, testified that the observing officer further described the men who had conducted the transaction, but she did not recall the description. She also testified that she approached the men, who fit the description, only two or three minutes after receiving this transmission, but admitted that, in the interim, she had intercepted the buyer, recovered three bags of marijuana from him, issued him a summons, and radioed the observing officer that the buyer was "a positive".

Upon reaching defendant and his companion, who were leaning against a Cadillac at the described location, the arresting officer told the defendant to get up against the car and, with the intention of placing him under arrest, immediately started to pat him down, at which point he volunteered, "It's in my pants pocket." A search of his pocket revealed four glassine envelopes containing cocaine and a number of bags of marijuana.

We find that this evidence did not satisfy the prosecution's burden of establishing that the police had probable cause to arrest the defendant. Initially, it must be noted that it is likely that the lapse between the broadcast of the description and the arrest, during which time the buyer was apprehended and issued a summons, was longer than two to three minutes. Moreover, there was no apparent reason to believe that the persons observed by the rooftop officer were standing in a specific spot and leaning against a particular car for any special reason and no reason to believe that one or both of them might not casually move away. Thus, it was as likely as not that the male Hispanic who had been observed from the rooftop had moved and that defendant had taken his place. Other than the description of the men's location, the only information conveyed was that the sellers were two male Hispanics, which was obviously inadequate to support probable cause (see, e.g., People v Riddick, 110 AD2d 787; People v Vincente, 100 AD2d 789, affd 63 NY2d 745). We note that it appears probable from the testimony that the police did not actually proceed on such a sketchy description, as the arresting officer testified that the observing officer described the men and that they fit the description. However, the court may consider only such evidence concerning the description as is presented to it (see, People v Dodt, 61 NY2d 408, 416), and in this case the prosecution established nothing more than that the sellers were described as two Hispanic men leaning against a Cadillac. Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.