■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNELL FAUST, Appellant. [653 NYS2d 120] —Appeal by the defendant from a judgment of the Supreme Court, Westchester

County (Cirigliano, J.), rendered December 9, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in sentencing him as a second felony offender because his first felony conviction arose from a robbery committed nearly 13 years before his commission of the subsequent felony. We disagree. Penal Law § 70.06 (1) (b) (iv) provides for a 10-year limitation on the use of prior felonies for the purpose of enhancing punishment with respect to a subsequent conviction (*see, People v Beard,* 143 AD2d 101). However, contrary to the defendant's claim, the 10-year limitations period is measured from the date of sentencing on the prior felony (*see, People v Tatta,* 196 AD2d 328, 330; *see also, People v Smith,* 148 AD2d 929, 930; *People v McGill,* 132 AD2d 846). Moreover, the statute also contains a tolling provision, which states that "[i]n calculating the ten year period under subparagraph (iv), any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (Penal Law § 70.06 [1] [b] [v]).

In the case at bar, the defendant was sentenced for the predicate prior felony on October 1, 1981, and he committed the present felony on August 4, 1993, 11 years, 10 months, and 4 days later. Accordingly, the prosecution was required to demonstrate, at the hearing, that a period of at least 1 year, 10 months, and 4 days was tolled because the defendant was incarcerated. Since the prosecution sustained this burden through the submission of a duly authenticated certificate of incarceration, which established that the defendant was incarcerated in State prison for nearly two years during that time, the court properly considered the defendant's prior conviction as a predicate for purposes of sentencing him as a second felony offender (*see, People v Rodriguez,* 173 AD2d 496).

In light of the foregoing, we need not address the defendant's claim that the prosecution failed to prove that he was incarcerated in the Westchester County jail for additional periods of time. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.