■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT REED, Appellant. [666 NYS2d 262] —Casey, J. Appeal

from a judgment of the County Court of Chemung County (Castellino, J.), rendered August 4, 1995, upon a verdict convicting defendant of two counts of the crime of promoting prison contraband in the first degree.

In September 1994, while an inmate at Elmira Correctional Facility in Chemung County, defendant was charged and found guilty of a violation of the standards of inmate behavior for illegally possessing a sharpened piece of metal encased in a pen and five sharpened pencils taped together. Subsequently, defendant was indicted for two counts of promoting prison contraband in the first degree based on the possession of these objects. Defendant moved to dismiss the indictment claiming double jeopardy. Defendant's motion was denied and, following a jury trial, he was convicted of both counts and sentenced as a second felony offender to concurrent prison terms of 2½ to 5 years.

Initially, we find no merit to defendant's claim of double jeopardy. Prison disciplinary sanctions have been held not to form a basis for a claim of double jeopardy with respect to criminal charges that are based on the same acts that were the subject of the disciplinary charges (*see, People v Vasquez*, 89 NY2d 521, 529). Simply stated, the Double Jeopardy Clauses are not implicated in such a situation (*id.*).

We also find untenable defendant's contention that the verdict was not legally sufficient. A pen containing a sharpened piece of metal has previously been found to constitute dangerous contraband (*see, People v Miller*, 132 AD2d 848, *lv denied* 70 NY2d 958). Furthermore, the pencils, although supplied by prison authorities, were not disqualified as dangerous contraband inasmuch as defendant "altered the item[s] so as to transform [them] into something that could be used as a weapon" (*People v Cheeks*, 113 AD2d 974, 975).

Finally, defendant's contention that County Court abused its discretion in imposing a time limit on jury selection was not preserved for appellate review (*see, People v Powell*, 186 AD2d 54, 55, *lv denied* 81 NY2d 765). In any event, the record does not demonstrate that defendant was denied a fair opportunity to question the prospective jurors (*see, People v Davis*, 166 AD2d 453, *lv denied* 76 NY2d 985), and there is no showing that the selected jury was not impartial (*see, People v Dart*, 186 AD2d 905, 907, *lv denied* 81 NY2d 787).

We have examined defendant's remaining contentions and have found that they either lack merit or constitute harmless error. Accordingly defendant's conviction should, in all respects, be affirmed.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.