■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WATERS, Appellant. [686 NYS2d 798] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered May 13, 1997, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is reversed, on the law and the

facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials are granted, and a new trial is ordered.

At approximately 9:00 P.M. on August 21, 1996, Police Officer Robert Nisi responded to a radio transmission of a residential burglary. The complainant described the perpetrators as two black males wearing dark clothing. The officer left the house and patrolled the area for about a half hour, but did not observe anyone. He then left the immediate vicinity in response to another call in his sector.

At approximately 9:45 P.M., as he was crossing over railroad tracks located between 1/4 and 9/10 of a mile from the scene of the burglary, Officer Nisi saw two men walking along the tracks. Believing that they were in violation of some unspecified "Long Island Rail Road law" or that they were trespassing, the officer parked his car and began walking toward the men. When he was about 50 feet away, the two men began to run. Officer Nisi identified himself, directed them not to move and shined his flashlight on them. He chased the men, but lost sight of them when they ran into an area heavy with brush.

During his pursuit, Officer Nisi radioed for assistance. Several units responded, including an officer from the canine unit. The officer and his dog first located the defendant's companion and then the defendant. Both men, black males wearing dark clothing, were placed under arrest. After the defendant was taken into custody, the officer from the canine unit continued tracking with his dog and retrieved a pair of gloves nearby.

Detective James Masterson was assigned to investigate the burglary that evening. While at the complainant's home, he learned that two men had been apprehended and proceeded to that location. After the detective advised the defendant of his *Miranda* rights, the defendant stated that he came from Brooklyn to do burglaries with his companion. Later at the precinct when the defendant was being processed, he made additional statements.

The defendant correctly contends that the hearing court erred in concluding that the police had probable cause to arrest him. Contrary to the hearing court's finding that Detective Masterson arrested the defendant, the hearing testimony clearly established that the defendant was arrested before Masterson arrived on the scene (*see, People v White,* 117 AD2d 127, 130). At that time, the police lacked probable cause for the arrest. The defendant and his companion, who matched the very vague description of the perpetrators, were first seen ap-

proximately 45 minutes after the burglary simply walking along railroad tracks (*see, People v White, supra*; *People v Riddick,* 110 AD2d 787; *People v Lane,* 102 AD2d 829; *People v Gordon,* 87 AD2d 636). Although evidence of flight, when considered together with other indicia of criminal activity, is an important factor in determining probable cause (*see, People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023), the rather innocuous conduct of the defendant and his companion and the fact that they matched an extremely vague description of the perpetrators were not sufficiently indicative of criminal activity. Consequently, the information possessed by the police, considered together with the defendant's flight, did not justify the defendant's immediate arrest without conducting any inquiry (*see, People v Dossantos,* 137 AD2d 763; *People v White, supra*; *People v Riddick, supra*). Therefore, the defendant's statements and the evidence seized must be suppressed (*see, People v Riddick, supra*; *People v Lane, supra*; *People v Gordon, supra*).

In light of our determination, it is unnecessary to address the defendant's remaining contentions. Bracken, J. P., Sullivan, Altman and Friedmann, JJ., concur.