# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**515**

**KA 13-01689**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

ELFIN ELLIOTT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered September 5, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress tangible property and statements are granted, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that County Court erred in denying those parts of his omnibus motion seeking to suppress physical evidence, including a handgun, and statements he made to the police following his arrest. We agree.

The evidence at the suppression hearing showed that, on the day before defendant's arrest, two police officers recovered marihuana from a field near 17 Maria Street in the City of Rochester. The officers returned to that area the next day along with a police sergeant, and they observed a group of five or six men, who dispersed upon their approach. The sergeant saw defendant "quickly grab near his waistband area" and enter the front passenger seat of a nearby sport utility vehicle, where the sergeant saw defendant bend over, "as if [defendant] was putting something underneath the seat." The sergeant left his patrol car and approached defendant with his service weapon drawn, demanding to see defendant's hands. The sergeant asked

defendant what he had put under his seat, and defendant responded that he had placed a quantity of marihuana under the seat. Defendant was ordered out of the car and arrested after the sergeant found marihuana under the front passenger seat. Upon a subsequent pat-down search of defendant's person, a loaded handgun was recovered from his waistband.

The People concede that the sergeant's encounter with defendant constituted a level three forcible detention under *People v De Bour* (40 NY2d 210, 223), and thus required "a reasonable suspicion that [defendant] was involved in a felony or misdemeanor" (*People v Moore*, 6 NY3d 496, 499). "[A]ctions that are at all times innocuous and readily susceptible of an innocent interpretation . . . may not generate a founded suspicion of criminality" (*People v Riddick*, 70 AD3d 1421, 1422, *lv denied* 14 NY3d 844 [internal quotation marks omitted]; *see People v Mobley*, 120 AD3d 916, 918).

We agree with defendant that the arresting sergeant lacked the requisite reasonable suspicion. There is no evidence in the record that the sergeant was informed of the recovery of marihuana in the area the day before defendant's arrest, and defendant's actions in merely "grabbing" at his waistline and bending down to the floor of the vehicle, without more, were insufficient to provide the sergeant with the requisite suspicion that defendant committed a crime, and to justify defendant's gunpoint detention (*see Mobley*, 120 AD3d at 918; *People v Cady*, 103 AD3d 1155, 1156; *Riddick*, 70 AD3d at 1422-1423; *People v Guzman*, 153 AD2d 320, 323). Inasmuch as the forcible detention of defendant was unlawful, the handgun and other physical evidence seized by the police, and the statements made by defendant to the police following the unlawful seizure, should have been suppressed. As a result, defendant's guilty plea must be vacated and the indictment dismissed, and we remit the matter to County Court for proceedings pursuant to CPL 470.45 (*see Mobley*, 120 AD3d at 918-919).

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court