■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. LEWIS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered June 7, 1982, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and assault in the first degree.

On the evening of March 7, 1982, defendant and a codefendant forcibly broke into a woman's apartment and allegedly raped and sodomized her, burglarized her apartment, threatened her with a gun, and stabbed her 13 times when she attempted to flee. Shortly thereafter, the codefendant was apprehended in the neighborhood of the victim's apartment with her property in his possession. He gave a statement implicating himself and defendant. Defendant was apprehended pursuant to a warrant search of his mother's house and gave a statement to the police.

Defendant was indicted on April 16, 1982 and charged with the crimes of attempted murder in the first degree, sodomy in the first degree, three counts of assault in the first degree, three counts of robbery in the first degree, three counts of burglary in the first degree, and unlawful imprisonment in the first degree. Subsequently, after plea negotiations, defendant pleaded guilty on May 17, 1982 to one count of burglary in the first degree and one count of assault in the first degree, and was sentenced to agreed-upon concurrent terms of 4 to 12 and 3 to 9 years in prison.

On appeal, defendant contends that he was denied the effective assistance of counsel because no pretrial motions were made in his behalf, including a motion to suppress the statement defendant gave to the police. We disagree. at the time defendant entered his plea, the time for making motions had not run out. A tactical decision to forego making those motions when an advantageous plea bargain has been struck may not be attacked on appeal and labeled ineffective assistance of counsel *(People v Baldi,* 54 NY2d 137, 147). There was overwhelming evidence implicating defendant in the attack upon the victim, including the victim's statement, the codefendant's statement and defendant's statement. Defendant, charged in a 12-count indictment with serious and violent felonies, faced a potentially life-long period of incarceration, yet a bargain was struck whereby he would plead guilty to two crimes and receive two concurrent sentences with minimum terms of 3 and 4 years, respectively, in full satisfaction of the indictment. "[T]he evidence, the law, and the circumstances of [this case], viewed in totality and as of the time of the representation", reveal that defendant's attorney did in fact provide meaningful and adequate representation *(People v Baldi, supra,* p 147).

We are similarly unpersuaded by defendant's contention that his sentence was harsh and excessive. Defendant agreed to the sentence he received as a part of his plea bargain. Since he has made no allegation that that plea was not voluntary or knowingly made, he is bound by the terms of his bargain *(People v Cates,* 104 AD2d 895, 896).

Judgment affirmed. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.