■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RITA M. STREMPACK, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 2, 1985, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.

Defendant and another individual were arrested for trespassing after they had barricaded themselves in the bathroom of a large residence located on a private estate. Defendant was generally incoherent and was exhibiting bizarre behavior. Both individuals were placed in a police car. As the parties were driving away in the police car, they passed a vehicle which defendant volunteered was hers. She stated that the caretaker of the estate had wanted the vehicle removed, and that the keys were in the vehicle. Defendant also volunteered that the vehicle contained drugs belonging to her companion. The police officers searched the vehicle, and found quantities of cocaine, methadone and other drugs, along with two weapons. Defendant was arrested for trespassing and was later indicted and charged with several counts of criminal possession of a controlled substance and criminal possession of a weapon. Defendant pleaded guilty to a reduced charge of attempted criminal possession of a controlled substance in the fourth degree and was sentenced to a five-year term of probation. This appeal by defendant ensued.

Defendant contends that she was denied the effective assistance of counsel because her attorney failed to move to suppress the evidence seized from the vehicle. The focus of inquiry when such an issue is raised is whether the defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147). It is inappropriate to second-guess an attorney's legitimate strategic and tactical decisions. This is especially true where a guilty plea is involved, because of the practical aspects of the give and take of plea negotiation. Thus, all of the circumstances must be taken into account. Further, it must be recognized that a plea offer made by a prosecutor early in a criminal proceeding will not normally remain open indefinitely. The terms will likely be changed due to developments in the case. Thus, while a guilty plea does not preclude inquiry into the effectiveness of defense counsel in making pretrial motions (*see, People v Ferguson*, 114 AD2d 226), the fact that a favorable plea bargain was struck is a factor to be considered (*see, People v Lewis*, 116 AD2d 778, *lv denied* 67 NY2d 885).

In the instant case, defendant's attorney made the appropriate motions to determine defendant's competency to stand trial. After defendant was found competent, negotiations which resulted in the guilty plea took place. Certainly, based on the facts and circumstances of defendant's arrest, a motion to suppress the evidence seized from the vehicle would have been in order. However, defendant was offered a plea bargain

with no jail time. There is no certainty that said offer would have remained open. Additionally, while there would have been some merit to a suppression motion in this case, it is by no means certain that such motion would have been successful. The Court of Appeals recently upheld a warrantless search of a vehicle where police had probable cause to arrest a defendant with respect to forged prescriptions presented by him to a pharmacy and the defendant admitted immediately following arrest that his car contained additional forged prescriptions as well as illegally obtained drugs *(People v Orlando,* 56 NY2d 441). While the facts in the instant case are not identical, still, they would have presented questions of fact for the trial court to resolve. If defendant had been successful on such a motion, it is likely that the charges would have been dismissed. If she lost, however, she would have faced trial or, most likely, a less favorable plea bargain. This case, therefore, is unlike our recent decision in *People v O'Connell* (133 AD2d 970), where we found that the failure of defense counsel to make a speedy trial motion amounted to the ineffective assistance of counsel. Unlike the instant case, it was clear in *O'Connell* that the defendant's speedy trial rights were violated, such that a motion would have been granted and the action dismissed. Here, the merits of a potential suppression motion are not so apparent that the strategy of the defense attorney ought to be second-guessed.

We have considered defendant's remaining contentions and find them without merit.

Judgment affirmed. Mahoney, P. J., Casey, Levine and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in memorandum. Mikoll, J. (dissenting). I respectfully dissent.

Defendant pleaded guilty in a negotiated plea to the crime of attempted possession of a controlled substance in the fourth degree. This plea was in satisfaction of an indictment charging the crimes of criminal possession of a controlled substance in the fourth degree (two counts), criminal possession of a controlled substance in the seventh degree, criminal possession of marihuana in the fifth degree and criminal possession of a weapon in the fourth degree.

The facts surrounding defendant's arrest are as follows. Defendant and Douglas Fega were found trespassing on a private estate. They had barricaded themselves in an upstairs bathroom of a dwelling on the grounds and refused to come out, explaining that they were being chased by devil worship-

ers. Ultimately, the police forced open the door and found defendant and Fega; Fega was nude and defendant was clad only with a towel around her waist. Defendant held a large stick, a Bible and a mirror. She was subsequently handcuffed and placed under arrest. *Miranda* warnings were read to defendant. Defendant continued to ramble and to demonstrate serious mental disturbance.

While on the way to the police station, defendant explained that she and Fega had been sent by a priest to the estate to cleanse themselves. They had thus shed all their worldly possessions (including their clothes) and were using the cold shower in the bathroom to keep the devil away. Defendant also told the police that a black Ford Bronco which was parked on the premises was hers, and that the groundskeeper had wanted it removed. Police asked about the keys and defendant said that they were somewhere in the vehicle. She also said that the car contained drugs belonging to Fega, and that Fega was an addict. Searches of the vehicle at the scene and, subsequently, at the State Police barracks resulted in the seizure of drugs, the subject of the indictments returned against defendant.

It is defendant's contention on this appeal that she was denied the effective assistance of counsel at the trial level because of defense counsel's failure to pursue a suppression motion. It is the prosecution's contention, on the other hand, that foregoing the motion to suppress was a tactical stratagem employed by defense counsel to achieve a beneficial negotiated plea for defendant and, consequently, that failure to pursue the motion did not constitute ineffective assistance of counsel.

Preliminarily, it is to be noted that the issue of the effectiveness of counsel should be first explored in an evidentiary proceeding brought under CPL 440.10 *(People v Brown,* 45 NY2d 852). Here, however, the alleged inadequacy is so specific and well defined that a hearing is not necessary to review the question. The issue is ripe for resolution on the available record.

I conclude that failure to pursue a motion to suppress denied defendant the effective assistance of counsel, requiring a reversal and a new trial. The favorable plea arrangement to which the People point would have been unnecessary had the suppression hearing been pursued. The entire case against defendant depended upon the propriety of the search of the vehicle. This was a warrantless search. The People's suggestion that the search of the vehicle was proper on the grounds

of either the automobile exception or the consent exception simply will not pass scrutiny. In New York, an automobile may be searched without a warrant only when the police have probable cause to believe that the vehicle contains evidence related to the crime for which the motorist was arrested, or that the vehicle contains a weapon or means of escape *(People v Belton,* 55 NY2d 49, 54-55). None of the scenarios envisioned by *Belton* prevailed here: the police had no reason to believe that the vehicle contained a weapon nor was there any nexus between the search and the trespassing charge.

The consent to search exception is inapplicable as well. As the Court of Appeals said in *People v Gonzalez* (39 NY2d 122, 128), "Consent to search is voluntary when it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice. Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle". Here defendant was handcuffed and in custody; she was naked and obviously incoherent. Her behavior before the arrest indicated that she did not surrender to police custody voluntarily. Her lack of criminal background and her unawareness that she need not consent all indicate that defendant did not consent to the search as a matter of law. It is thus evident that the motion to suppress would have been successful. Failure to pursue it was fatal to defendant's case and resulted in denial to her of the effective assistance of counsel *(see, People v Ferguson,* 114 AD2d 226, 230).

Accordingly, I would reverse the judgment of conviction, allow defendant to vacate her plea of guilty and remit the matter to County Court for further proceedings.