(July 28, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN T. WALL, Appellant.—Kane, J. Appeals (1) from a judgment of the County Court of Washington County (Berke, J.), rendered December 14, 1984, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and rape in the first degree, and (2) by permission, from an order of said court, entered August 26, 1987, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

In the early morning hours of August 5, 1984, defendant broke into an 87-year-old woman's apartment, raped and murdered her and then left with her pocketbook, jewelry and television set. When he was first questioned by the State Police, defendant claimed that he was at a party at the time of the murder. However, on being brought in for questioning a second time, he admitted committing the crimes and signed a written confession. Defendant's admissions came after he was shown certain physical evidence seized from his home pursuant to a search warrant. His wife had also consented to the search. Defendant was indicted for the crimes of assault in the first degree, murder in the second degree, rape in the first degree, burglary in the first degree and grand larceny in the third degree. He pleaded guilty to the murder charge and the rape charge in full satisfaction of the indictment and, as agreed, received concurrent prison sentences of 25 years to life on the murder charge and 8⅓ to 25 years on the rape charge. He now appeals the judgment of conviction as well as the denial of his CPL 440.10 motion to vacate the conviction.

In both appeals, defendant raises the same issue, i.e., whether he received effective assistance of counsel (see, US Const 6th Amend; NY Const, art I, § 6). His claim of ineffec-

tive representation is based on his attorney's failure to make certain pretrial motions, including a motion to suppress the evidence seized at defendant's home, and his subsequent confession given to the police. We cannot accept this contention. The standard used to decide this issue is whether counsel provided "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). The mere fact that counsel did not engage in some pretrial procedures does not by itself result in a finding of ineffective assistance of counsel *(see, People v Wagner,* 104 AD2d 457, 458; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Additionally, as this court has recently stated: "It is inappropriate to second-guess an attorney's legitimate strategic and tactical decisions. This is especially true where a guilty plea is involved, because of the practical aspects of the give and take of plea negotiation" *(People v Strempack,* 134 AD2d 799, 800, *affd* 71 NY2d 1015). *(See also, People v Lewis,* 116 AD2d 778, 779, *lv denied* 67 NY2d 885.)

In this case, defendant's attorney requested a bill of particulars and a demand to produce. He also filed a notice of intent to use psychiatric evidence. After a finding that defendant was competent to stand trial, the negotiations culminating in defendant's guilty plea began. While defendant's attorney conceded at the CPL 440.10 hearing that motions to suppress the physical evidence and defendant's confession were important, he stressed that he decided to forego them to take advantage of the offered plea. In our view, this was an appropriate tactical decision. Defendant was permitted to plead guilty to only two of the crimes he was charged with and the District Attorney also agreed not to prosecute defendant on certain other unrelated crimes. As we noted in *People v Strempack (supra),* a case with facts closely similar to the instant situation, "a plea offer made by a prosecutor early in a criminal proceeding will not normally remain open indefinitely" *(supra,* at 800). Thus, the decision not to make these pretrial motions was consistent with a reasonable and plausible trial strategy *(see, People v Montana,* 71 NY2d 705).

Additionally, contrary to defendant's claims, the evidence in the record fails to support his assertion that he did not learn of the offered plea bargain until after the time for pretrial motions had expired. Therefore, under the circumstances of this case, defense counsel provided meaningful representation and the claim of ineffective assistance of counsel is rejected.

Judgment and order affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.