■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BALZER, Appellant.—Kane, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered November 5, 1987, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the second degree and conspiracy in the second degree.

Defendant was arrested at his home in the Town of Newark Valley, Tioga County, on March 6, 1987 by State Police Investigator Ricky Charles following the execution of a search warrant which Charles obtained earlier that day. The central issue on this appeal is whether probable cause existed for the issuance of the search warrant. The application for the search warrant was made by Charles, in affidavit form, in which he detailed the results of two separate independent investigations into the manufacture and distribution of methamphetamines in the vicinity of the City of Binghamton, Broome County,

conducted by the Binghamton Police Department and the State Police. The two investigations merged on the evening of March 5, 1987 upon the arrest of James V. Morgan for possession of methamphetamine by Binghamton police officers when he volunteered to supply the name of the largest methamphetamine dealer in the area. After receipt of *Miranda* warnings, Morgan was taken to Binghamton police headquarters where he executed an affidavit which identified defendant as the one who provided him with methamphetamines. Morgan also stated that he had been at defendant's home to obtain methamphetamines three times, and on one occasion defendant produced a book describing the method of production and showed Morgan chemicals, including a quantity of ether, used in that particular process. Morgan also consented to the recording of a conversation with his companion Virgil Rohman, which further implicated defendant as a supplier of methamphetamines.

The Binghamton police decided to apply for a search warrant for defendant's premises and, as a matter of police protocol, notified the State Police of their intentions. Since they were conducting a similar investigation, they pooled their information, and with the assistance of the Broome County District Attorney's office, prepared the application for the search warrant to obtain the evidence used in the within prosecution. That application recited the activities of Charles, an undercover agent selling ether to Edward Balzer, defendant's brother, who lived about one quarter of a mile from defendant. Edward Balzer advised Charles that he was purchasing ether for an unidentified third party, and later provided Charles with the "finished product" which was identified by the State Police laboratory as methamphetamine, a controlled substance. It was further demonstrated by the record of a telephone call made by Edward Balzer to defendant's residence that it was reasonable to believe that defendant was the supplier of the methamphetamine purchased by Charles. Moreover, attached to the application was the affidavit of Morgan, together with a detailed description of the activities of the Binghamton police and the results of their investigation.

In our view, probable cause existed for the issuance of the search warrant, and, accordingly, the evidence obtained thereby was properly admitted into evidence at defendant's trial. Certainly the detailed description of the dual investigations contained in the application made by Charles provided information sufficient to support a reasonable belief that an

offense had been committed or that evidence of a crime could be found at defendant's residence *(see, People v Bigelow,* 66 NY2d 417, 423). Moreover, the affidavit of Morgan, as a police informant, satisfied the two-pronged *Aguilar-Spinelli* test, since the information he provided was made under oath, against his own penal interest, based upon personal experience, and corroborated by information in the possession of the police resulting from their dual independent investigations *(see, People v Bartolomeo,* 53 NY2d 225; *People v Elwell,* 50 NY2d 231; *People v Wheatman,* 29 NY2d 337).

We find no merit in the other issues raised by defendant on this appeal including those related to the conduct of the trial or the admissibility of evidence and the weight or sufficiency thereof. However, as to the sentence, we conclude that, under the circumstances of this case, Penal Law § 70.25 (2) requires that the sentence for conviction of the crime of conspiracy in the second degree should run concurrently with the two consecutive sentences imposed.

Judgment modified, on the law, by directing that the sentence for conviction of the crime of conspiracy in the second degree run concurrently with the sentence imposed for conviction of the crime of criminal possession of a controlled substance in the second degree, and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.