■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. MOUCK, Appellant.—Weiss, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 3, 1988, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

The police, in response to a complaint, found defendant seated behind the wheel of his automobile parked in his own driveway. The keys were in his hand, the motor was hot and a fresh trail of transmission fluid led from the driveway for a distance of two or three tenths of a mile. Defendant admitted he had been drinking, but denied driving the auto. At the police station, he tested .21% blood alcohol content on a breathalyzer test. He was indicted for driving while intoxicated and aggravated unlicensed operation of a motor vehicle, both as felonies. Following negotiations, defendant pleaded guilty to the charge of driving while intoxicated and was sentenced to an indeterminate term of 1 to 3 years' imprisonment. On this appeal, he contends that he was denied adequate assistance of counsel and that his sentence is harsh and excessive. We disagree.

Defendant's claim of ineffective representation is premised on counsel's failure to seek a hearing to determine if probable cause existed for the arrest. The failure to pursue a particular pretrial remedy does not, ipso facto, demonstrate ineffectiveness *(People v Rivera,* 71 NY2d 705, 709). The pivotal inquiry is whether counsel's decision is premised on a legitimate,

---

strategic basis *(supra)*. At arraignment, the prosecutor provided defense counsel with a notice of oral admissions, a breathalyzer checklist and driving abstract, a supporting deposition/bill of particulars, two orders of previous license revocations and a copy of defendant's arrest record. This material clearly demonstrates that defense counsel was well informed as to defendant's predicament. Moreover, given the circumstances of the arrest, it is highly doubtful that such a motion would have been successful. As such, counsel's decision to forego the motion and accept the proffered plea bargain, which effectively reduced defendant's potential prison exposure, was eminently reasonable *(see, People v Wall,* 142 AD2d 883; *People v Strempack,* 134 AD2d 799, *affd* 71 NY2d 1015). This is particularly so given defendant's history of eight prior arrests for driving while intoxicated and 11 prior arrests for unlicensed operation of a motor vehicle, compounded by the fact that his license had been revoked since 1974. In our view, the record confirms that defense counsel provided meaningful representation. We further conclude, in view of defendant's abhorrent driving record, which spans four decades, that the sentence imposed was not unduly harsh.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.