■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BALZER, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered November 9, 1987, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree (two counts), conspiracy in the second degree and criminal sale of a controlled substance in the fifth degree, and (2) by permission, from an order of said court, entered August 26, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In a four-count indictment handed down by a Grand Jury, defendant was accused of selling methamphetamine to police undercover agents on three separate occasions in February and March 1987. Defendant was also accused of conspiring with his brother, Paul Balzer, to sell the drug on at least one of those occasions. The record shows that defendant refused an earlier plea-bargain arrangement and the parties began to ready themselves for trial. In the interim, however, defendant's brother was convicted of substantially similar charges after a jury trial (see, People v Balzer, 145 AD2d 744, lv denied 73 NY2d 1011). Soon thereafter, defendant pleaded guilty to all counts of the indictment. Following a presentence hearing, County Court sentenced defendant to, inter alia, three consecutive terms of seven years' to life imprisonment on the two counts of criminal sale of a controlled substance in the second degree and the one count of conspiracy in the second degree. Defendant also received a prison term of 2 to 6 years for the crime of criminal sale of a controlled substance in the fifth degree, to be served concurrently with one of the counts of criminal sale in the second degree. Defendant now appeals the judgment of conviction as well as the denial of his CPL 440.10 motion to vacate the conviction.

We affirm. The principal issue defendant raises in these

appeals is that he was deprived of his constitutional right to the effective assistance of counsel *(see,* US Const 6th Amend; NY Const, art I, § 6) based on his attorney's failure to, among other things, make certain pretrial motions, interpose the defense of entrapment instead of pleading guilty, and also to advise him to accept the earlier more favorable plea-bargain offer. Our review of the record shows no merit to these charges. The focus of inquiry when such an issue is raised is whether the defendant received meaningful representation under all the circumstances *(People v Baldi,* 54 NY2d 137, 147). For example, the mere fact that counsel did not engage in some pretrial procedures does not by itself result in a finding of ineffectiveness *(see, People v Wall,* 142 AD2d 883, 884, *lv denied* 73 NY2d 861). As noted by County Court, the search warrant of the residence of defendant's brother produced little evidence relative to the case against defendant; therefore, a suppression hearing would in all likelihood have been unnecessary.

With respect to defendant's other claims, there is no support in the record for his contentions that he was poorly informed as to the ramifications of his guilty plea and whether to accept the earlier plea bargain offered by the District Attorney. Instead, the record shows that defendant and his attorney were well aware of the strong case the People had against him from evidence at defendant's felony hearing. Accordingly, any later advice to defendant to accept a guilty plea could not be considered unreasonable under the circumstances. Similarly, in light of the fact that defendant sold drugs to an undercover agent on three separate occasions, defense counsel could not be faulted for advocating a guilty plea rather than going to trial and attempting to prove the difficult defense of entrapment *(see, People v Johnson,* 91 AD2d 782, 783). As for the earlier rejected plea offer, defendant's own testimony at the presentencing hearing indicates that he willingly declined the original plea offer for reasons of his own. It could not be expected that the People's earlier plea offer would be held open indefinitely *(see, People v Strempack,* 134 AD2d 799, 800, *affd* 71 NY2d 1015). In sum, we find that defendant was afforded meaningful representation throughout these proceedings. Defense counsel obviously worked very hard trying to pursue the best course possible for his client and it would be inappropriate at this point to second-guess his attorney's legitimate strategic and tactical decisions *(see, supra,* at 801).

Next, we find no merit in defendant's contention that his

sentence should be reduced in the interest of justice as being harsh and excessive. However, we do conclude that County Court erred in determining that his sentence for the fourth count of the indictment, conspiracy in the second degree, should run consecutively with the third count of the indictment alleging criminal sale of a controlled substance in the second degree. Counts three and four together accuse defendant of conspiring to sell with his brother and then selling a controlled substance to an undercover agent, all events occurring some time between 1:00 P.M. and 2:30 P.M. on March 6, 1987. According to the undisputed facts of this transaction it is apparent that the conspiracy charge arose out of the same act as the sale. Since Penal Law § 70.25 (2) mandates that where offenses are committed through a single act or omission the sentences imposed for the offenses must run concurrently, defendant's sentence must be modified accordingly.

Defendant's remaining arguments have been examined and found to be without merit.

Judgment modified, on the law, by directing that the sentence imposed on the conviction of conspiracy in the second degree run concurrently with the sentence imposed on the third count of the indictment for criminal sale of a controlled substance in the second degree, and, as so modified, affirmed.

Order affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.