■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. HARRIS, Appellant. [653 NYS2d 403] —Cardona, P. J. Appeal from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered May 19, 1995, convicting defendant upon his plea of guilty of the crimes of assault in the second degree (two counts), unlawful imprisonment and endangering the welfare of a child.

In a six-count indictment, defendant was charged with, *inter alia*, assault in the second degree in violation of Penal Law § 120.05 (1) (count 3) and assault in the second degree in violation of Penal Law § 120.05 (2) (count 4). Defendant pleaded guilty to both of these counts as well as to charges of endangering the welfare of a child and unlawful imprisonment. In accordance with the terms of the plea agreement, defendant was sentenced to, *inter alia*, consecutive prison terms of 2 to 4 years on the assault charges.

On appeal defendant contends that the assault sentences were illegal because Penal Law § 70.25 (2) prohibits the imposition of consecutive prison terms where the crimes are all part of the same act. In rejecting this argument, we note that it has been determined that even where the acts arise out of a single transaction, consecutive prison terms are still permitted if the acts are separate and distinct and violate more than one section of the Penal Law (*see, People v Day*, 73 NY2d 208, 210). Here, with respect to count 3, defendant was charged with, and admitted to, intermittently assaulting his wife and causing her physical injury by striking, kicking and biting her between the dates of May 13, 1994 and May 16, 1994. As to count 4, however, defendant admitted that on May 14, 1994, he also assaulted his wife with a dangerous instrument causing her physical injury. Thus, even accepting that there was a continuous course of activity, the assaults charged were separate and distinct acts making the imposition of consecutive terms permissible (*see, People v Kalakowski*, 120 AD2d 763, *lv denied* 68 NY2d 669; *People v Bink*, 93 AD2d 920).

Next, we reject the contention that defendant was denied effective assistance of counsel. Where, as here, defendant receives an advantageous plea and the record does not cast doubt on counsel's effectiveness, he is deemed to have received meaningful representation (*see, People v Lynch*, 156 AD2d 884, *lv denied* 75 NY2d 921; *People v Mayes*, 133 AD2d 905; *see also, People v Baldi*, 54 NY2d 137, 147).

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.