■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANEEKA SMITH, Also Known as JAMES SMITH, Also Known as YIZ, Appellant. [660 NYS2d 75] —Carpinello, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered October 11, 1996, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

Defendant was charged in a nine-count indictment with the commission of multiple felony crimes involving the sale and

possession of controlled substances. He subsequently pleaded guilty to criminal sale of a controlled substance in the second degree in full satisfaction of the indictment and was sentenced to a prison term of seven years to life. Defendant's sole contention on appeal is that his plea was not voluntary, knowing or intelligent and should be vacated on the ground that the assistance rendered by his attorneys was ineffective.

Defendant premises his claim of ineffective assistance on the fact that between his arraignment and the plea allocution he was represented by four different attorneys. He concludes that because of this turnover, the case against him could not have been adequately investigated. We find nothing in the record to support his argument.

To the contrary, the record reveals that defendant was adequately represented at all pretrial proceedings. Notably, the attorney ultimately assigned to him successfully negotiated a very favorable plea which enabled defendant to plead guilty to one count of a nine-count indictment and avoid significant additional penal exposure. Moreover, during the plea allocution defendant did not indicate any dissatisfaction with the turnover of counsel or with his current counsel, and denied being threatened, forced or coerced into pleading guilty. In our view, the advantageous plea, combined with the lack of record evidence which would cast doubt on the apparent effectiveness of counsel, convinces us that the assistance rendered was meaningful (*see, People v Harris*, 235 AD2d 941; *People v Torres*, 227 AD2d 716, *lvs denied* 88 NY2d 995, 996). Accordingly, we find no basis upon which to vacate the conviction.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.