(June 25, 1998)

■ The People of the State of New York, Respondent, v Dana L. Crone, Appellant. [674 NYS2d 836] —Graffeo, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 21, 1997, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was indicted on one count of criminal possession of a controlled substance in the fifth degree and two counts of criminal sale of a controlled substance in the third degree. He was assigned a Public Defender but later requested a two-week adjournment so that he could retain private counsel. County Court granted the request but, at the next court appearance, defendant appeared with another Public Defender and expressed his desire to continue with assigned counsel. He thereafter entered a counseled *Alford* plea of guilty to one count of attempted criminal sale of a controlled substance in the third degree in satisfaction of the entire indictment. Sentenced in accordance with the plea agreement as a second felony offender to an indeterminate prison term of 3 to 6 years, defendant appeals.

We reject defendant's sole contention that he was denied effective assistance of counsel because the Public Defenders failed to file certain pretrial motions and were not adequately prepared. Initially, the mere fact that counsel chose not to file the specified motions does not alone mandate the conclusion that counsel was unprepared or ineffective (*see, People v Balzer*, 155 AD2d 733, 734, *lv denied* 75 NY2d 810). The record reveals that the Public Defender who represented defendant throughout the majority of the proceedings was fully familiar with the case, filed an omnibus motion requesting discovery and several preliminary hearings, and negotiated a plea bargain that was extremely favorable in light of the severity of the crimes charged, defendant's lengthy criminal history and his status as a second felony offender (*see, People v Brown*, 233 AD2d 764, 767, *lv denied* 89 NY2d 1009; *People v Mackey*, 175 AD2d 346, 349, *lv denied* 78 NY2d 969). Further, defendant failed to demonstrate prejudice resulting from counsel's alleged failures and specifically expressed his satisfaction with the representation he received when he pleaded guilty. Under these circumstances, we find that defendant was afforded meaningful representation (*see, People v Harris*, 235 AD2d 941; *People v Rafter*, 234 AD2d 711, *lv denied* 89 NY2d 1014; *People v St. John*, 163 AD2d 687, *lv denied* 76 NY2d 944).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.